IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AXA EQUITABLE LIFE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. No. _4:13-cv-0832_____ |
| MICHELLE D. ROSS BROUSSARD, BROOKLYNN N. ELLIOTT, and ZBRANEK FIRM, P.C., | § § § § § | |
| Defendants. | § | |

## COMPLAINT

Plaintiff AXA Equitable Life Insurance Company ("AXA") complains of Defendants Michelle D. Ross Broussard, Brooklynn N. Elliott, and Zbranek Firm, P.C. and states:

## PARTIES

1. **Plaintiff AXA**.  Plaintiff AXA is a Delaware corporation with its principal office and place of business in New York.

2. **Defendant Broussard**.  Defendant Michelle D. Ross Broussard ("Broussard") is an individual residing in Liberty, Texas who may be served with process at 3856 FM 160 N, Liberty, Texas 77575.  Broussard is a citizen of Texas.

3. **Defendant Elliott**.  Defendant Brooklynn N. Elliott ("Elliott") is an individual residing in Granbury, Texas who may be served with process at 6305 Fall Creek Highway, Granbury, Texas 76049.  Elliott is a citizen of Texas.

4.      **Defendant Zbranek Firm**.   Defendant Zbranek Firm, P.C. ("Zbranek Firm") is a Texas corporation with its principal office and place of business in Liberty, Texas.  Zbranek Firm may be served with process by serving its registered agent, Zeb Zbranek, 1937 Trinity Street, Liberty, Texas 77575.

## JURISDICTION AND VENUE

5.      **Jurisdiction**.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and Defendants and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6.      **Venue**.   Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because this is a judicial district in which one Defendant resides and all Defendants are residents of the State of Texas.   In addition, venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) as this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## OPERATIVE FACTS

7.      **The Policy**.   On July 30, 1996, AXA issued flexible premium variable life insurance policy no. 46 228 388 insuring the life of Brian K. Ross ("Decedent") in the face amount of $1,000,000 ("Policy").   At the time the Policy was issued, Decedent named his then-spouse, Broussard, as the primary beneficiary of the Policy and his daughter, Elliott, as the contingent beneficiary of the Policy.

8.      **Divorce**.   On or about December 22, 1998, Decedent and Broussard were divorced in Tarrant County, and a Final Decree of Divorce was entered in *In Re Marriage*

*of Michelle Denean Ross and Brian Keith Ross*, Cause No. 322-275827-98 in the 322nd

Judicial District Court of Tarrant County, Texas ("Divorce Decree").

9. **The Death**. Decedent passed away on October 14, 2011.

10. **The Claims**. On or about February 1, 2013, Broussard notified AXA of

Decedent's death and her intent to submit a claim. By letter dated February 1, 2013,

AXA advised Broussard of its preliminary determination that she was not entitled to

benefits under the Policy pursuant to Tex. Fam. Code § 9.301(a), which provides that the

designation of an insured's spouse as a beneficiary under a life insurance policy at the

time of a rendition of a decree of divorce is not effective unless the divorce decree

designates the insured's former spouse as the beneficiary, the insured re-designates the

former spouse as the beneficiary after the divorce decree, or the former spouse is

designated to receive the proceeds in trust for or on behalf of a child or other dependent.

AXA advised Broussard to provide a Statement of Surviving Children and claimant

statement for all children.

11. **Dual Submission of Claim**. On or about March 21, 2013, AXA received a

package containing completed claim forms from both Elliott and Broussard and a

certified copy of the Death Certificate. Elliott and Broussard each signed and dated the

claimant statement subject to the penalty of perjury on March 17, 2013. Elliott and

Broussard each claimed benefits under the Policy in an unspecified amount. On the

claimants' statements, neither claimed 100% of benefits or claimed to be the sole

beneficiary. Indeed, Elliott and Broussard each left blank the question "Are you the sole

beneficiary?" On March 18, 2013, the day after the claimants' statements were signed,

Elliott contacted AXA to check on the status of the claim and asked if benefits would be paid half to Broussard and half to Elliott.

12.    **Demand from Broussard**.   By letter dated April 1, 2013, Broussard, through her attorney, advised AXA that she was entitled to half the benefits under the Policy pursuant to Tex. Family Code § 9.301 because the Divorce Decree designated Broussard as the beneficiary of one-half of the proceeds of the Policy. Broussard demanded that AXA pay Broussard $500,000 or half of the benefits.

13.    **Payment of Claims**.   In reliance on the joint submission of claims by Elliott and Broussard as the nonexclusive beneficiaries and the representations by Broussard and her attorney regarding the Divorce Decree, on May 17, 2013, AXA paid benefits under the Policy to Elliott and Broussard in equal amounts.  Specifically, AXA paid $500,923.80 to Elliott and $500,923.79 to Broussard, which was paid at her instruction and pursuant to an assignment in two checks: $375,692.84 to Broussard and $125,230.95 to her attorneys, Zbranek Firm.  At the time it made payment, AXA had not been notified by Elliott that she contended the designation of Broussard was not effective.

14.    **Untimely Notice of Disputed Claim**.   AXA heard nothing more in connection with the Policy until Elliott, through her attorney, sent a letter dated August 28, 2013, advising AXA for the first time that she was claiming 100% of benefits under the Policy and that she now contends Broussard was not entitled to any benefits under the Policy.  Elliott has demanded that AXA pay her the $500,000 in benefits that have already been paid to her mother, Broussard.  Based on information and belief, Broussard is presently in possession of benefits under the Policy in the amount of $375,692.84 and

Zbranek Firm is presently in possession of benefits under the Policy in the amount of $125,230.95, all of which are now claimed by Elliott.

15.    **The Controversy**.  AXA is a neutral stakeholder which had no interest in the Policy benefits other than fulfilling its obligation under the Policy to pay the sum due to the appropriate party.  AXA paid the benefits equally to Elliott and Broussard in reliance on the representations of Broussard and her attorney, the dual claim submission by Elliott and Broussard in which neither claimed to be sole beneficiary, and the fact it had received no competing claims at the time it made payment of the Policy benefits and was not notified that Elliott contended her mother was not a proper beneficiary.  As such, AXA is protected by the safe harbor of Tex. Family Code § 9.301(c) and should not be exposed to double liability for benefits under the Policy.  In the event Broussard was not the rightful beneficiary and should not have received one-half of the Policy benefits, Broussard and Zbranek Firm have been unjustly enriched and the Policy benefits should be repaid to AXA for payment to the proper beneficiary and/or paid directly to the beneficiary as adjudicated by the Court.

## CAUSES OF ACTION

16.    **Declaratory Judgment**.   AXA states there is an actual, justiciable controversy between the Parties and requests that the Court grant declaratory judgment relief pursuant to 28 U.S.C. § 2201 as follows:

a.    Who are the rightful beneficiaries of the benefits under the Policy and in what amount;

b.    If Broussard was not the rightful beneficiary of one-half of the benefits of the Policy, that Broussard and Zbranek Firm must return the Policy benefits

to AXA for payment to the rightful beneficiary or must pay the Policy benefits directly to the rightful beneficiary;

c.     That AXA has discharged its obligations under the Policy and has no further liability to Broussard, Elliott, or anyone else in connection with paying the benefits under the Policy.

17.     **Constructive Trust**.  In the event it is adjudicated that Broussard was not the rightful beneficiary of the Policy and should not have received benefits under the Policy, AXA seeks to impose a constructive trust on the benefits paid to Broussard and Zbranek Firm, including any assets purchased directly or indirectly with the Policy benefits.  Broussard and Zbranek Firm hold an identifiable res consisting of the benefits under the Policy and will be unjustly enriched if permitted to retain benefits to which they are not entitled.

18.     **Restitution**.   In the event it is adjudicated that Broussard was not the rightful beneficiary of the Policy and should not have received benefits under the Policy, AXA seeks to recover the Policy benefits from Broussard and Zbranek Firm in order to restore AXA to the same position it would have been had no such payment been made. AXA is entitled to recover the Policy benefits under the circumstances because any such payment was the result of a unilateral or mutual mistake and it would be unjust for AXA to incur multiple liability or for Broussard and Zbranek Firm to keep the Policy benefits.

19.     **Unjust Enrichment**.  In the event it is adjudicated that Broussard was not the rightful beneficiary of the Policy and should not have received benefits under the Policy, AXA paid the Policy benefits to Broussard and Zbranek Firm based on a mutual or unilateral mistake and Broussard and Zbranek Firm have unjustly benefitted from the

receipt of Policy benefits to which they are not entitled and which in equity and good conscience they should not retain.   AXA seeks to recover the amount of the Policy benefits.

20.   **Money Had and Received**.   In the event it is adjudicated that Broussard was not the rightful beneficiary of the Policy and should not have received benefits under the Policy, Broussard and Zbranek Firm hold money that in equity and good conscience does not belong to them, and it would be unjust for Broussard and Zbranek Firm to retain any benefits under the Policy to which they are not entitled.   As such, AXA seeks to recover the benefits paid to Broussard and Zbranek Firm.

21.   **Contribution**.   In the event it is adjudicated that Broussard was not the rightful beneficiary of the Policy and should not have received benefits under the Policy, AXA sues Broussard and Zrbanek Firm for contribution in an amount equal to their proportionate responsibility for all or part of any judgment obtained by Elliott against AXA pursuant to Tex. Civ. Prac. & Rem. Code §§ 33.015-33.016.

22.   **Negligent Misrepresentation**.   In the event it is adjudicated that Broussard was not entitled to receive benefits under the Policy, Broussard and Zbranek Firm made a representation to AXA in the course of its business, supplied false information for the guidance of AXA, and/or did not exercise reasonable care and competence in obtaining or communicating information to AXA when they represented in the claimant's statement and in the demand letters that she was entitled to one-half of the benefits of the Policy pursuant to the terms of the Divorce Decree.   AXA justifiably relied on the representations.   In the event it is adjudicated that Broussard was not the entitled to

receive benefits under the Policy, Broussard and Zbranek Firm's misrepresentation has proximately caused damages to AXA, for which AXA now sues.

23.    **Injunctive Relief**.   AXA seeks a temporary injunction and permanent injunction preventing Broussard and Zbranek Firm from surrendering, liquidating, transferring, withdrawing, or alienating the disputed benefits under the Policy, any and all assets purchased with the benefits of the Policy, or accounts to which the proceeds of the Policy were transferred. AXA further requests that all disputed Policy benefits be placed in the registry of the Court to await adjudication by the Court of the rightful beneficiary. If not enjoined, Broussard and Zbranek Firm will in all probability dissipate the disputed Policy proceeds so that AXA will not be able to trace or track funds for which Elliott now seeks to hold AXA liable and AXA may be exposed to double liability under the Policy. This will cause irreparable harm to AXA for which AXA will have no adequate relief at law.

24.    **Accounting**.   AXA seeks an accounting by Broussard and Zbranek Firm of all benefits they received under the Policy, including where the benefits are presently located, how any of the benefits have been spent, and the location of all assets purchased with the benefits.

## RELIEF REQUESTED

25.    **Prayer**.   AXA respectfully requests the following relief:

a.    That Defendants be served with process and be required to answer in the time and matter prescribed by law;

b.    That the Court grant the declaratory relief and other relief requested above;

c.      That AXA be awarded the injunctive relief requested above;

d.      If so adjudicated, that Broussard and Zbranek be required to pay any benefits to which they were not entitled to the rightful beneficiary;

e.      If so adjudicated, and in the alternative, that AXA recover judgment from Broussard and Zbranek Firm in the amount of its actual damages, plus pre- and post-judgment interests, and attorneys' fees; and

f.      That AXA have such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

By: s/ Jill B. Davenport
      Jill B. Davenport
      State Bar No. 00783680
      jill.davenport@figdav.com

FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 - fax

ATTORNEYS FOR PLAINTIFF
AXA EQUITABLE LIFE
INSURANCE COMPANY